## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

| | | |
|---|---|---|
| **BOBBY ROSS, II,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 2:16-03826** |
| | ) | |
| **RALPH TERRY, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Respondent's Motion to Dismiss (Document No. 8), filed on June 3, 2016. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Petitioner has filed a Response to the Respondent's Motion and Respondent filed his Reply.[1] (Document Nos. 11 and 12.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court grant Respondent's Motion to Dismiss.

### PROCEDURAL HISTORY

**A.     Criminal Action No. 87-F-319:**

On January 4, 1988, Petitioner was convicted by a jury in the Circuit Court of Kanawha County, West Virginia, of first degree sexual abuse, burglary by breaking and entering, and attempted aggravated robbery. State v. Ross, Criminal Action No. 87-F-319 (Cir. Ct. Kanawha Co. August 8, 1998); (Document No. 7-2, pp. 2 - 3.) By Order entered on August 8, 1988,

---

[1]   Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore, they are construed liberally. *See* Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Petitioner was sentenced to 1 to 5 years on the sexual abuse charge, 1 to 15 years on the burglary charge, and 100 years on the attempted aggravated robbery charge. (Id., p. 3.)

Petitioner, by counsel, filed his direct appeal to the West Virginia Supreme Court of Appeals. In his Petition, Petitioner asserted the following errors:

1. The jury verdict was contrary to the weight of the evidence.

2. The trial court erred in refusing to grant his motion for a judgment of acquittal.

3. The 100 year sentence for attempted aggravated robbery was excessive and violated the proportionality principle contained in Article, III, § 5 of the West Virginia Constitution.

By Per Curiam Opinion entered on November 29, 1990, the West Virginia Supreme Court affirmed Petitioner's convictions and sentences. State v. Ross, 184 W.Va. 579, 402 S.E.2d 248 (1990)(*per curiam*). Petitioner did not file a Petition for Writ of *Ceriorari* in the United States Supreme Court.

**B. Original Jurisdiction *Habeas* Petition:**

On November 17, 1999, Petitioner, by counsel, filed in the West Virginia Supreme Court of Appeal his "Original Jurisdiction Petition for Writ of *Habeas Corpus*." (Document No. 7-2, p. 3.) By Order entered on February 24, 2000, the West Virginia Supreme Court refused Petitioner's Petition. (Id.)

**C. State *Habeas* Proceeding:**

On August 17, 2001, Petitioner, acting *pro se*, filed his Petition for Writ of *Habeas Corpus* in the Circuit Court of Kanawha County. (Ross v. Painter, Case No. 01-MISC-33) (Civil Action 2:02-cv-00046, pp. 189 - 201.) As grounds for *habeas* relief, Petitioner asserted as follows:

1. Petitioner's conviction was obtained by the unconstitutional failure of the State to disclose to the defendant evidence favorable to him.

2. Petitioner's conviction was obtained by a violation of the privilege against self-incrimination.

3. Petitioner's conviction was obtained by a violation of the double jeopardy clause.

4. Petitioner's conviction was obtained by a denial of effective assistance of counsel and the equal protection of the law.

5. Petitioner's conviction was obtained by the use of false evidence gained pursuant to an unconstitutional search and seizure without probable cause.

6. Petitioner's conviction was obtained by the use of false evidence obtained pursuant to an unlawful arrest without probable cause.

7. Petitioner's conviction was obtained by the use of excessive bail.

8. Petitioner's conviction was obtained by the actions of a grand jury that was unconstitutionally selected and impaneled pursuant to R. Cr. P. 16.

9. Petitioner was denied a fair trial and the right to an fair trail guaranteed under both the West Virginia and the United States Constitution.

10. A denial Petitioner's First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, Eleventh, Thirteenth, and Fourteenth Amendment rights.

(Id.) On August 28, 2008, the Circuit Court denied Petitioner's *habeas* petition. (Document No. 1-1, p. 2.) Subsequently new counsel was appointed and Petitioner requested that the matter be re-opened so that he could take the testimony from trial counsel. (Id.) By Order entered on December 12, 2009, the Circuit Court re-opened Petitioner's *habeas* proceeding and allowed Petitioner to present the testimony of his trial counsel. (Id.) Petitioner, by counsel, further requested that the Circuit Court to amend its prior decision to correctly state that Petitioner was convicted of first degree sexual abuse and not first degree sexual assault. (Id.) By Order entered on July 13, 2011, the Circuit Court corrected its prior decision. (Id.) An omnibus hearing was conducted on November 17, 2011. (Id.) By Order entered on April 3, 2013, the Circuit Court

denied Petitioner's *habeas* petition. (Id.) On May 16, 2013, the Circuit Court entered an Amended Order denying Petitioner's *habeas* petition and incorporating the rulings from its prior Order entered on August 28, 2008, denying *habeas* relief. (Id.) Petitioner appealed the denial to the West Virginia Supreme Court of Appeals. On March 31, 2014, the West Virginia Supreme Court affirmed the decision of the Circuit Court. Ross v. Plumley, 2014 WL 1302450 (W.Va. March 31, 2014).

**D.     First Section 2254 Petition:**

On October 29, 1999, Petitioner, proceeding *pro se*, filed his first Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody. Ross v. McBride, Civil Action No. 2:02-0046 (S.D.W.Va. May 7, 2002), Document No. 2. In his Petition, Petitioner alleged the following grounds for *habeas* relief:

1. Petitioner's conviction was unlawfully obtained by the unconstitutional failure of the State to disclose to the Petitioner evidence most favorable to the Petitioner.

2. Petitioner's conviction was obtained by use of evidence obtained pursuant to an unlawful arrest.

3. Petitioner's conviction was unlawfully obtained by action of an unknown Grand Jury which was unconstitutionally selected and impaneled.

4. Petitioner's conviction was unlawfully obtained by use of coerced confessions.

Id. By Proposed Findings and Recommendation filed on February 5, 2002, United States Magistrate Judge Mary E. Stanley recommended that the District Court find Petitioner's Petition to be untimely under AEDPA, and therefore, his petition should be dismissed. Id., Document No. 5. Petitioner filed his Objections on February 19, 2002. Id., Document No. 7. By Judgment Order

entered on May 7, 2002, United States District Judge John T. Copenhaver, Jr., adopted Judge Stanley's recommendation and dismissed Petitioner's Petition as untimely. Id., Document Nos. 14 and 15. Petitioner did not file an appeal with the Fourth Circuit.

**E.    Request for Authorization to File a Successive Section 2254 Motion:**

On January 27, 2003, Petitioner filed in the Fourth Circuit Court of Appeals a Motion under 28 U.S.C. § 2244 requesting an order authorizing the District Court to consider a second or successive application for relief under 28 U.S.C. § 2254. (Civil Action 2:02-00046, Document No. 16.) By Order entered on February 10, 2003, the Fourth Circuit denied Petitioner's Motion seeking authorization to file a second or successive application for relief under 28 U.S.C. § 2254. In re: Bobby Ross, II, No. 13-112 (4th Cir.).

**F.    Second Section 2254 Petition:**

Petitioner filed his second Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody on April 21, 2016. (Civil Action No. 2:16-03826, Document No. 1.) In his Petition, Petitioner alleges the following grounds for *habeas* relief:

1. The jury's verdict was contrary to the weight of the evidence and creditability of the State's witnesses.

2. The trial court erred in refusing to grant Petitioner's motion for a judgment of acquittal notwithstanding the jury verdict requesting arrest of judgment.

3. Ineffective assistance of trial counsel and *habeas corpus* counsel.

4. The State's failure to disclose favorable evidence to Petitioner.

Id. By Order entered on April 27, 2016, the undersigned directed Respondent to file a limited Response addressing the timeliness of Petitioner's Petition. (Document No. 5.)

On June 3, 2016, Respondent filed his Answer, Motion to Dismiss, and Memorandum in

Support thereof with Exhibits. (Document Nos. 7 - 9.) Specifically, Respondent argues that Petitioner's Petition should be dismissed as successive and untimely. (Document No. 9.) As Exhibits, Respondent attaches the following: (1) A copy of Petitioner's first Section 2254 Petition as filed in Civil Action 2:02-0046 (Id., Document No. 7-1.); (2) A copy of Judge Stanley's Proposed Findings and Recommendation as entered on February 5, 2002, in Civil Action No. 2:02-0046 (Id., Document No. 7-2.); (3) A copy of the District Court's Order adopting Judge Stanley's Proposed Findings and Recommendation and dismissing Petitioner's Petition (Document No. 7-3.); and (4) A copy of the Fourth Circuit's Order entered on February 10, 2003, denying Petitioner's Motion pursuant to 28 U.S.C. § 2244 for Authorization to File a Successive Application for Relief (Document No. 7-4.)

On June 6, 2016, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a response to Respondent's Motion to Dismiss. (Id., Document No. 10.) On July 25, 2016, Petitioner filed his Response in Opposition wherein he continues to present arguments addressing the merits of his petition. (Id., Document No. 11.) Specifically, Petitioner argues as follows:

1. The Petitioner contends the Circuit Court of Kanawha County committed reversible error and violated his right to a fair and impartial jury trial guaranteed by the United States Constitution, the Sixth, Eighth, and Fourteenth Amendments thereto, and Article III, § 10 and 14 of the West Virginia Constitution when the Circuit Court didn't read jurors the essential elements of the offenses charged in the indictment.

2. The Petitioner contends he is actually innocent of the crimes for which he was convicted in the Circuit Court of Kanawha County, which has resulted in a miscarriage of justice that can be corrected through *habeas corpus* by invoking the Due Process Clause, as guaranteed by the Fourteenth Amendment of the United States Constitution, and clearly established federal law as determined by the United States Supreme Court in Brown v. Allen, 344 U.S. 443 (1953) and Schlup v. Delo, 513 U.S. 298 (1995).

(Id.) As an Exhibit, Petitioner attaches a copy of Ross v. Plumley, 2014 W. Va. LEXIS 291 (March 31, 2014). (Document No. 11-1.)

On July 27, 2016, Respondent filed his Reply. (Document No. 12.) Specifically, Respondent argues that Petitioner's Response "ignores the procedural bar on, and general untimeliness, of his claims, and instead continues to focus upon factual arguments." (Id.)

## THE APPLICABLE STANDARD

In Section 2254 proceedings, the familiar standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to motions to dismiss. See Walker v. True, 399 F.3d 315, 319, n. 1. (4th Cir. 2005); also see Rules Governing Section 2254 Cases in the United States District Courts, Rule 12 (The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with the *habeas* rules, may be applied to Section 2254 proceedings). A motion to dismiss a Section 2254 petition under Rule 12(b)(6) "tests the legal sufficiency of the petition, requiring the federal habeas court to 'assume all facts pleaded by the § 2254 petitioner to be true." Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009)(citing Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009). The court, however, is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014)(quoting Blankenship v. Manchin, 471 F.3d 523, 529 (4th Cir. 2006). When assessing whether the Section 2254 petition states a claim for relief, the court must consider "the face of the petition any attached exhibits." Wolfe, 565 F.3d at 169 (internal quotations omitted). The court may also consider such exhibits and matters of public record, such as documents from prior state court proceedings, in conjunction with a Rule 12(b)(6) motion without having to convert the motion to one for

7

summary judgment. Walker, 589 F.3d at 139.

In the instant proceedings, Respondent filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure alleging that Petitioner Petition was successive and untimely. (Document No. 8.) Respondent, however, filed an Answer in conjunction with the Motion to Dismiss. (Document No. 7.) Thus, Respondent's Motion to Dismiss should be construed as a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Walker, 589 F.3d at 139("Because the Commonwealth filed its answer to Walker's petition and its motion to dismiss simultaneously, it technically should have filed the motion under Rule 12(c) as one for judgment on the pleadings."). The undersigned, however, notes that the same standard of review applies to both a motion to dismiss and a motion for judgment on the pleadings.

## DISCUSSION

The Court finds that Petitioner's instant Section 2254 Petition should be deemed to constitute a second or successive Section 2254 application and dismissed. The record reveals that Petitioner filed his first Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody on January 17, 2002. Ross v. McBride, Civil Action No. 2:02-0046 (S.D.W.Va. May 7, 2002). A subsequent petition is considered to be successive if the first petition was dismissed on the merits. Slack v. McDaniel, 529 U.S. 473, 485-89, 120 S.Ct. 1595, 1604-07, 146 L.Ed.2d 542 (2000);Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002), *abrogated on other grounds by* Skinner v. Switzer, 562 U.S. 1289, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). By Judgment Order entered on May 7, 2002, District Judge Copenhaver adopted Judge Stanley's recommendation and dismissed Petitioner's Section 2254 Petition as untimely. Ross v. McBride,

Civil Action No. 2:02-0046 (S.D.W.Va. May 7, 2002), Document Nos. 14 and 15. Accordingly, the undersigned finds that Petitioner's Section 2254 Petition as filed in Civil Action No. 2:02-0046 was dismissed on the merits. See In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011)(finding that the dismissal of petitioner's first *habeas* petition as time-barred was a decision on the merits and any subsequent *habeas* petition would be second or successive); In re Flowers, 595 F.3d 204, 205 (5th Cir. 2009)(per curiam)(finding that petitioner's first Section 2254 petition dismissed as untimely renders subsequent petition second or successive); McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009)("We hold that the dismissal of a *habeas* petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."); Villanueva v. United States, 346 F.3d 55, 61 (2nd Cir. 2003)(finding that a *habeas* petition properly dismissed as untimely constitutes an adjudication on the merits for successive purposes); also see Leatherwood v. Perry, 2015 WL 4756984, * 3 (W.D.N.C. Aug. 12, 2015)(same); Newsome v. United States, 2013 WL 11531648, * 3 (E.D.Va. Sept. 25, 2013)(same); Griffin v. Padula, 518 F.Supp.2d 680, 687 (D.S.C. 2007)(same).

Title 28 U.S.C. § 2244(b) provides as follows:

(1)  A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application should be dismissed.

(2)  A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless - -

   (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review the Supreme Court, that was previously unavailable; or

   (B)(i)  the factual predicate for the claim could not have been discovered

>> previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b). Petitioner, however, makes no argument that (1) he is relying on "a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court," or (2) that the factual predicate for his currently claims could not have been previously discovered through the "exercise of due diligence" and those facts "establish by clear and convicting evidence that, but for constitutional error, no reasonable factfinder" would have found Petitioner guilty. The record clearly reveals that the factual predicate for grounds asserted in Petitioner's instant *habeas* petition were known, or could have been discovered through the exercise of due diligence, at the time Petitioner filed his first Federal *habeas* petition. Specifically, the record reveals that the grounds asserted Petitioner's instant Petition were either asserted in Petitioner's State *habeas* petition or first Federal *habeas* Petition. The undersigned, therefore, finds that Petitioner's instant Petition is successive as Petitioner has failed to satisfy any of the exceptions under Section 2244(b)(2).

Section 2244(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). Petitioner has provided no evidence that he obtained authorization from the Fourth Circuit to file a successive Section 2254 petition. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003)("In the absence of pre-filing authorization, the district court lacks jurisdiction to

consider an application containing abusive or repetitive claims.") The record reveals that on at least one occasion the Fourth Circuit has denied Petitioner's request for authorization to file a successive Petition. See In re: Bobby Ross, II, No. 13-112 (4th Cir.). Accordingly, the undersigned finds that this matter must be deemed to constitute a second or successive Section 2254 petition and dismissed[3] pursuant to 28 U.S.C. § 2244(b) because Petitioner has not obtained the authorization of the Fourth Circuit Court of Appeals to proceed with his claims in the District Court. The undersigned finds it unnecessary to address Respondent's untimeliness argument.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Respondent's Motion to Dismiss (Document No. 8), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date

---

[3] The undersigned declines to transfer the instant Petition to the Fourth Circuit Court of Appeals as there is no indication or argument that Petitioner can satisfy Section 2244(b)(2). *See Winestock*, 340 F.3d at 205(regarding state prisoners, the court of appeals examines the application to determine whether it contains any claim that satisfies Section 2244(b)(2).); *In re Wright*, 826 F.3d 774 (4th Cir. 2016)(finding that petitioner did not meet the requirements for authorization to file a second successive application because petitioner's claims did not rely "on a new rule of constitutional law," or that the "factual predicate for his claims could not have been discovered previously through the exercise of due diligence.")

of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to transmit a copy of the same to counsel of record and to Petitioner.

Dated: October 6, 2016.

_____
Omar J. Aboulhosn
United States Magistrate Judge